

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6189-CIV-MOORE/O'SULLIVAN

THOMAS O. KETCHAM,

      Plaintiff,

vs.

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

      Defendant.

_____/

## DEFENDANT'S BRIEF IN SUPPORT OF ITS
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff Thomas O. Ketcham ("Ketcham" or "plaintiff") seeks judicial review of the dismissal of his claim for waiver of overpayment of retirement insurance benefits under Title II of the Social Security Act. As outlined below, the complaint must be dismissed for lack of subject matter jurisdiction because the plaintiff failed to exhaust administrative remedies. Plaintiff did not receive a "final decision" of the Commissioner as required under 42 U.S.C. § 405(g).

I.      Factual and Procedural Background

Ketcham contends that the Social Security Administration made an inappropriate overpayment into his bank account through direct deposit. After the mistake was discovered, the government sought to recoup the overpayment. At which time, Ketcham filed his claim for waiver of overpayment of retirement insurance benefits under Title II of the Social Security Act. On November 13, 1998, Ketcham requested a hearing on this claim. On April 28, 1999, an Administrative Law Judge ("ALJ") issued an Order dismissing plaintiff's request for a hearing. See

Declaration of Ilselore Passalacqua, Acting Chief Court Case Preparation and Review Branch 1,

Office of Hearings and Appeals, Social Security Administration (the "Declaration") (attached

hereto). The ALJ commented that Ketcham withdrew his request at the hearing stating that he

would negotiate a monthly repayment of retirement insurance benefits. The notice of dismissal

advised plaintiff that if he did not agree with the Order, he could file an appeal within sixty (60) days

from the date of receipt of the notice (Declaration, Exhibit 1).

On September 21, 1999, plaintiff filed a request for review by the Appeals Council (Exhibit

2 of Declaration).[1] On February 7, 2000, Ketcham filed this action pro se.

II.     This Court Lacks Jurisdiction Because Plaintiff Failed to
        Exhaust Administrative Appeals Remedies

42 U.S.C. § 405(g) is the exclusive jurisdictional basis in cases arising under the Social

Security Act. Prior to filing a claim pursuant to § 405(g), a claimant must exhaust his administrative

remedies.

        A.      42 U.S.C. § 405(g) is the Exclusive Jurisdictional
                Basis For Judicial Review

Sections 205(g) and (h) of the Social Security Act, 42 U.S.C. § 405(g) and (h), authorize

judicial review in cases arising under Title II of the Social Security Act. Those provisions also make

clear that they are the exclusive jurisdictional basis for judicial review. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of
> Social Security made after a hearing to which he was a party,

---

[1]     Upon dismissal from the court, without prejudice, this case will be returned to the
Appeals Council for appropriate action. Neither the fact that plaintiff prematurely filed a civil action
or that such civil action was subsequently dismissed by the court will compromise the appeal rights
which normally flow from a determination or decision, including the right to file a civil action
following an Appeals Council denial of review.

> irrespective of the amount in controversy, may obtain a review of
> such decision by a civil action commenced within sixty days after the
> mailing to him of notice of such decision or within such further time
> as the Commissioner of Social Security may allow.

Section 405(h) then provides:

> No findings of fact or decision of the Commissioner of Social
> Security shall be reviewed by any person, tribunal, or governmental
> agency except as herein provided.  No action against the United
> States, the Commissioner of Social Security or any officer or
> employee thereof shall be brought under section 1331 or 1346 of
> Title 28, United States Code, to recover on any claim arising under
> this subchapter.

Therefore, Congress explicitly stated that, in claims arising under the Social Security Act, judicial

review is permitted only in accordance with § 405(g).  It is well settled that, "[a]bsent a waiver,

sovereign immunity shields the Federal Government and its agencies from suit." Federal Deposit

Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994).  Further, "the 'terms of the [United States']

consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Id. (quoting

United States v. Sherwood, 312 U.S. 584, 586 (1941)).  Where a right, such as the right to sue, is

a creature of statute, and the statute provides a special remedy, that remedy is exclusive. United

States v. Babcock, 250 U.S. 328, 331 (1919).  Accordingly, 42 U.S.C. § 405(g) is the exclusive

jurisdictional basis for judicial review in cases arising under the Social Security Act.

B.    42 U.S.C. § 405(g) Authorizes Judicial Review Only After
      a Claimant Has Exhausted Administrative Remedies

42 U.S.C. § 405(g) authorizes judicial review only of a "final decision of the Commissioner

of Social Security made after a hearing."  As the Supreme Court has recognized, "[t]his provision

clearly limits judicial review to a particular type of agency action." Califano v. Sanders, 430 U.S.

99, 108 (1977). The term "final decision" is undefined in the Act, and "its meaning is left to the

[Commissioner] to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 767 (1975). The regulations, in turn, provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 404.900(a); see Sanders, 430 U.S. at 102 ("The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner]."). If the claimant does not pursue administrative appeal rights, the administrative determination or decision becomes binding. 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981.[2]

Under Social Security Administration regulations, an individual claiming entitlement to benefits first receives an initial determination. 20 C.F.R. § 404.902. If dissatisfied with this determination, the claimant may ask for reconsideration. 20 C.F.R. § 404.907. If dissatisfied with the reconsidered determination, the claimant may request a hearing before an Administrative Law Judge (ALJ). 20 C.F.R. § 404.929. If the claimant is dissatisfied with the ALJ's hearing decision, the claimant may request that the Appeals Council review the decision. 20 C.F.R. § 404.967. The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner. 20 C.F.R. § 404.981. The Appeals Council may also grant the request for review and issue its own decision. Id. In either event, the claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action. Id.; see also 20 C.F.R. § 422.210. Ordinarily, a claimant must exercise administrative appeals rights and seek judicial review within a specified time frame. 20 C.F.R. § 404.900(a). Upon a showing a good cause, however, the

---

[2]     Supplemental Security Income (SSI) regulations are identical. See C.F.R. §§ 416.1405, 416.1421, 416.1455, and 416.1481.

-4-

Commissioner will extend the time for seeking review. See 20 C.F.R. §§ 404.909(b), 404.911, 404.933(c), 404.968(b), 404.982.

Thus, under the regulations, a claimant obtains a judicially reviewable final decision only if he completes the administrative appeals process and receives either (1) a decision by the Appeals Council, or (2) notice from the Appeals Council that it is denying his request for review. 20 C.F.R. §§ 404.981, 422.210.

C.    Because Plaintiff Did Not Exhaust his Administrative Remedies,
      The Court Should Dismiss the Complaint

Because plaintiff did not exhaust administrative appeals remedies, plaintiff did not obtain a judicially reviewable "final decision" and the complaint seeking judicial review should be dismissed.    The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." McCarthy v. Madigan , 503 U.S. 140, 144-45 (1992). As the Court has observed, "[e]xhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." Id. at 145. The exhaustion doctrine is "grounded in Congress' delegation of authority to coordinate branches of Government," and "recognizes that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer." Id. The exhaustion requirement also reflects the "commonsense notion" that "an agency ought to have an opportunity to correct its own mistakes with respect to the programs it administers before it is hailed into federal court." Id. Providing the agency with the opportunity to correct its own errors may eliminate the need for judicial involvement altogether; and if it does not moot the case entirely, it at least avoids piecemeal appeals  and may produce a useful record for subsequent judicial consideration. Id.

-5-

The Supreme Court has recognized that cases governed by 42 U.S.C. § 405(g) involve more than a judicially developed doctrine of exhaustion. See Weinberger v. Salfi, 422 U.S. 749, 766 (1975). As discussed, § 405(g) expressly allows judicial review only of a "final decision," and Congress has left it to the Commissioner to flesh out the meaning of that term. "The statutory scheme is thus one in which the [Commissioner] may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration." Id. Because Congress has authorized judicial review only of a "final decision," as defined by the Commissioner, and plaintiff has not exhausted administrative appeals remedies as required to obtain such a "final decision," plaintiff's complaint must be dismissed. See Heckler v. Ringer, 466 U.S. 602, 618-19 (1984) (dismissal appropriate because of failure to exhaust); Crayton v. Callahan, 120 F.3d 1217, 1220 (11th Cir. 1997).

D.    Plaintiff Has Not Alleged Any Permissible Basis for
      Waiver of the Exhaustion Requirement

The Supreme Court has held that courts may excuse a claimant from exhausting his administrative remedies "in certain special cases," such as where the plaintiff raises a challenge wholly collateral to his claim for benefits and makes a colorable showing that his injury could not be remedied by the retroactive payment of benefits. Ringer, 466 U.S. at 618.[3]   Plaintiff's allegations, however, are not wholly collateral to the claim for benefits, and plaintiff has alleged no basis for the Court to excuse the failure to exhaust. Accordingly, this is not a "special case" in which the failure to exhaust may be excused.

---

[3]    Courts may not excuse a plaintiff's failure to present his claim to the agency, since that element of § 405(g)'s exhaustion requirement is "nonwaivable." Ringer, 466 U.S. at 617.

E.      The Court May Not Review the Commissioner's Determination That Plaintiff
        Did Not Have Good Cause for Missing the Deadline to Appeal

Although the regulations require a claimant to pursue administrative appeal rights within a

specified timeframe, the Commissioner will, upon a showing a good cause, extend the time for

seeking review. See 20 C.F.R. §§ 404.909(b), 404.911, 404.933(c), 404.968(b), 404.982. The

Commissioner's ruling denying additional time is not, however, subject to judicial review.

The regulations specifically provide that a ruling denying a request to extend a time period

for seeking review is not an "initial determination" subject to the administrative appeals process and

ultimately to judicial review. 20 C.F.R. § 404.903(j). A ruling denying additional time is similar

to a ruling refusing to reopen a prior application, which the regulations also specify is not an "initial

determination," 20 C.F.R. § 404.903(l), and which the Supreme Court has held is ordinarily not

subject to judicial review. Califano v. Sanders, 430 U.S. 99, 107-09 (1977). While the agency

affords claimants an opportunity to seek an extension of time after missing a filing deadline, the

rationale of Sanders establishes that, absent a colorable constitutional claim, a ruling denying such

a request is not subject to judicial review. See id. at 108 ("Congress' determination so to limit

judicial review to the original decision denying benefits is a policy choice obviously designed to

forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect

that choice."). Plaintiff here has not raised a colorable constitutional claim and, under controlling

precedent, the agency's decision not to grant additional time to complete the administrative appeals

process is not subject to judicial review.

III.    Conclusion

For the reasons outlined above, Defendant respectfully requests that the Court dismiss this matter.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By:  _____
KIRK OGROSKY
Assistant United States Attorney
Court No. A5500479
United States Attorneys Office
99 NE 4th Street, Suite 300
Miami, Florida 33132
(305) 961-9401
Fax: (305) 530-7139
E-mail: kirk.ogrosky@usdoj.gov

Of Counsel:

Arthur J. Fried
  General Counsel
Charlotte A. Hardnett
  Principal Deputy General Counsel
John Sacchetti
  Associate General Counsel, Litigation Division
Peter S. Krynski
  Supervisory Attorney, Office of the General Counsel
  Social Security Administration

Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 6th day of June, 2000, to Thomas D. Ketcham, 3040 NW 68th Street, Ft. Lauderdale, Florida 33309.

_____
KIRK OGROSKY
Assistant United States Attorney

-8-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

THOMAS O. KETCHAM,                )
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                       )
                                  )
                                  )
             Plaintiff            )
                                  )
                                  )
vs.                               )    CIVIL ACTION NUMBER
                                  )    00-6189-CIV-MOORE
                                  )
                                  )
                                  )
KENNETH S. APFEL,                 )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
                                  )
             Defendant            )
                                  )
                                  )

DECLARATION OF ILSELORE PASSALACQUA, ACTING CHIEF
COURT CASE PREPARATION AND REVIEW BRANCH 1,
OFFICE OF HEARINGS AND APPEALS,
SOCIAL SECURITY ADMINISTRATION

I, ILSELORE PASSALACQUA, Acting Chief, Court Case
Preparation and Review Branch 1 of the Office of Appellate
Operations, Office of Hearings and Appeals, Social Security
Administration, declare and state as follows:

(1)    The Office of Hearings and Appeals administers the
nationwide hearings and appeals program for the Social Security
Administration.  The Office of Hearings and Appeals includes the
Appeals Council and Administrative Law Judges who hold hearings
on claims arising under titles II and XVI, of the Social Security
Act, as amended, when such hearing is duly requested by a

-2-

claimant who is dissatisfied with the administrative

determination of his or her claim.  The Office of Appellate

Operations provides professional and technical advice to the

Associate Commissioner and Administrative Appeals Judges of the

Appeals Council in the processing of cases in which a civil

action has been filed.

(2)   One function of the Appeals Council is to act on

requests for review of hearing decisions made by Administrative

Law Judges and to either grant, deny, or dismiss any such

request.  Under the regulations of the Social Security

Administration, if the Appeals Council denies a timely request

for review of a hearing decision, that hearing decision thereupon

becomes the "final decision" within the meaning of, and subject

to, the provisions for judicial review in section 205(g) of the

Social Security Act, as amended, 42 U.S.C. section 405(g), the

first sentence of which reads as follows:

> "Any individual, after any final decision of the
> Commissioner made after a hearing to which he was
> a party, irrespective of the amount in
> controversy, may obtain a review of such decision
> by a civil action commenced within sixty days
> after the mailing to him of notice of such
> decision or within such further time as the
> Commissioner may allow.***"

(3)   I am responsible for the processing of claims under

titles II of the Social Security Act, as amended, whenever a

civil action has been filed in the State of Florida (see 53 Fed.

Reg. 29,778 (1988)).  The official file maintained by the Office

-3-

of Hearings and Appeals relating to the claim of the plaintiff,

**THOMAS O. KETCHAM**, under titles II of the Social Security Act, is

presently within my custody and has been examined under my

supervision.   To the best of my knowledge and belief said file

shows that:

(a)   On April 28, 1999, an Administrative Law Judge

issued an order dismissing the plaintiff's request for hearing.

The notice of dismissal advised the plaintiff that if he did not

agree with the order, he could file an appeal within sixty (60)

days from the date of receipt of the notice (Exhibit 1).

(b)   On September 21, 1999, the plaintiff filed a

request for review by the Appeals Council (Exhibit 2).

(c)   The Appeals Council has not acted on the

plaintiff's September 21, 1999 request for review.

(d)   On February 7, 2000, the plaintiff filed a civil

action in the United States District Court for the Southern

District of Florida.


In accordance with 28 U.S.C. § 1746, I declare under penalty of

perjury that the foregoing is true and correct to the best of my

knowledge and belief.

APR 22 2000

DATE                                         ILSELORE PASSALACQUA

**SOCIAL SECURITY ADMINISTRATION**

Refer to: 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

**Office of Hearings and Appeals**
200 E. Las Olas Blvd, Ste 1550
Ft. Lauderdale, FL  33301
Telephone: 954-356-7385
Date: APR 2 8 1999

THOMAS O KETCHAM
3040 NW 68TH STREET
FT LAUDERDALE, FL 33309

## NOTICE OF DISMISSAL

I have issued the enclosed order dismissing your request for
hearing.  Please read this notice and the order carefully.

**If You Disagree With The Order of Dismissal**

If you do not agree with my order, you may file an appeal
requesting the Appeals Council to review and vacate the order.

**How To Request Review**

To request review you or your representative, if you choose to
appoint one, must file a written request that the Appeals
Council review the order of dismissal.  You may use our Request
for Review form, HA-520, or write a letter.

You may file your request at any local Social Security office
or a hearing office.  You may also mail your request right to
the Appeals Council, Office of Hearings and Appeals, 5107
Leesburg Pike, Falls Church, VA  22041-3255.  Please put the
Social Security number shown above on any request you file.

**Time To File**

To request review, you must file your request **within 60 days**
from the date you get this notice.

The Appeals Council assumes you got the notice 5 days after the
date shown above unless you show you did not get it within the
5-day period.  The Council will dismiss a late request unless
you show you had a good reason for not filing it on time.

See Next Page

EX. 1

CLAIMS FOLDER

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                                          Page 2 of 2

**Providing Additional Evidence?**

You may submit evidence to show why you think I should not have
dismissed your request for hearing.  You should submit any
evidence you wish the Appeals Council to consider **with** your
request for review.

**Rules About Review By The Appeals Council**

Our regulations state the rules the Appeals Council applies to
decide whether to review a case and in reviewing a case.  These
rules appear in the Code of Federal Regulations, Title 20,
Chapter III, Part 404, Subpart J.  The Council may review an
order of dismissal for any reason.  The Council **will review** a
dismissal for the reasons listed in section 404.970 of our
regulations.

**If My Order Is Not Vacated**

If the Appeals Council does not review and vacate my order at
your request or on its own motion, and I do not vacate the
order, the action upon which you requested a hearing cannot be
changed except under special rules.

**Your Right To Representation In An Appeal**

You may have a lawyer or other person help you in any appeal
you file with the Appeals Council.  There are groups that can
help you find a lawyer or give you free legal services if you
qualify.  There are also lawyers who do not charge unless you
win your appeal.  Your local Social Security office has a list
of groups that can help you with an appeal.

If you get someone to help you with an appeal, you or that
person should let the Appeals Council know.  If you hire
someone, we must approve the fee before he or she can collect
it.  And if you hire a lawyer, we will withhold up to 25
percent of any past-due insurance benefits to pay towards the
fee.

**If You Have Any Questions**

If you have any questions, you may call, write or visit any
Social Security office.  If you visit an office, please bring
this notice and decision with you.  The telephone number of the
local office that serves your area is 800-772-1213.  Its
address is 310 SE First Street, Delray Beach, FL  33477.


                                    JULIUS MILLER
                                    Administrative Law Judge


Enclosures



**CLAIMS FOLDER**

# SOCIAL SECURITY ADMINISTRATION
## Office of Hearings and Appeals

## ORDER OF DISMISSAL

IN THE CASE OF                          CLAIM FOR


THOMAS O KETCHAM                        Retirement Insurance Benefits
(Claimant)


                                        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
(Wage Earner)                           (Social Security Number)


This case is before the Administrative Law Judge on the request
for hearing filed by the claimant on November 13, 1998.

Social Security Administration Regulations No. 4 and/or No. 16
provide that an Administrative Law Judge may dismiss a request
for hearing if at any time before notice of the hearing decision
is mailed, the claimant asks to withdraw the request (20 CFR
404.957(a) and/or 416.1457(a)).

The claimant withdrew his request for hearing at the hearing
stating that he would negotiate a monthly payment to repay back
the overpayment.

Accordingly, the request for hearing is hereby dismissed.  The
determination dated November 6, 1998, remains in effect.

JULIUS MILLER
Administrative Law Judge

APR 2 8 1999

Date

CLAIMS FOLDER

DEPARTMENT OF HEALTH AND HUMAN SERVICES
SOCIAL SECURITY ADMINISTRATION/OFFICE OF HEARINGS AND APPEALS

Form Approved
OMB No. 0960-027

## REQUEST FOR REVIEW OF HEARING DECISION/ORDER
*(Take or mail original and all copies to your local Social Security office)*

See Privacy Act
Notice on Reserve

THOMAS KETCHAM

**1. CLAIMANT**   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

**2. WAGE EARNER, IF DIFFERENT**

**3. SOCIAL SECURITY CLAIM NUMBER**

**4. SPOUSE'S NAME AND SOCIAL SECURITY NUMBER.**
*(Complete ONLY in Supplemental Security Income Case)*

5. I request that the Appeals Council review the Administrative Law Judge's action on the above claim because:

CONTEST 1997 ALLEGED OVER-PAYMENT — MEANS OF COLLECTION AND WHO IS AT FAULT

### ADDITIONAL EVIDENCE

If you have additional evidence, submit it with this request for review. If you need additional time to submit evidence or legal argument, you must request an extension of time in writing now. If you request an extension of time, you should explain the reason(s) you are unable to submit the evidence or legal argument now. If you neither submit evidence or legal argument now nor within any extension of time the Appeals Council grants, the Appeals Council will take its action based on the evidence of record.

IMPORTANT: Write your Social Security Claim Number on any letter or material you send us.

SIGNATURE BLOCKS: You should complete No. 6 and your representative (if any) should complete No. 7. If you are represented and your representative is not available to complete this form, you should also print his or her name, address, etc. in No. 7.

| DATE | ☐ ATTORNEY    ☐ NON-ATTORNEY |
|---|---|
| **6. CLAIMANT'S SIGNATURE**  *Thomas Kutch* | **7. REPRESENTATIVE'S SIGNATURE** |
| PRINT NAME  THOMAS KETCHAM | PRINT NAME |
| ADDRESS  3040 N.W. 68 ST | ADDRESS |
| (CITY, STATE, ZIP CODE)  FT. LAUD FL 33309 | (CITY, STATE, ZIP CODE) |
| TELEPHONE NUMBER (INCLUDE AREA CODE)  (954) 970-7120 | TELEPHONE NUMBER (INCLUDE AREA CODE) |

### THE SOCIAL SECURITY ADMINISTRATION STAFF WILL COMPLETE THIS PART

8. Request received for the Social Security Administration on _____ by: _____

(Title)            (Address)                    Servicing FO Code        PC Code

9. Is the request for review received within 65 days of the ALJ'S Decision/Dismissal?    Yes ☐    No ☐

10. If no checked: (1) attach claimant's explanation for delay; and (2) attach copy of appointment notice, letter or other pertinent material or information in the Social Security Office.

11. Check one:    ☐ Initial Entitlement
                  ☐ Termination or other

12. Check all claim types that apply:
    ☐ Retirement or survivors    (RSI)
    ☐ Disability—Worker          (DIWC)
    ☐ Disability—Widow(er)       (DIWW)
    ☐ Disability—Child           (
    ☐ SSI Aged                   (
    ☐ SSI Blind                  (
    ☐ SSI Disability             (
    ☐ Health Insurance-Part A    (
    ☐ Health Insurance-Part B    (HIB)
    ☐ Other—Specify: _____

APPEALS COUNCIL
OFFICE OF HEARINGS AND APPEALS, SSA
5107 Leesburg Pike
FALLS CHURCH, VA 22041 - 3255

EX. 2

Form HA-520-U5 (3-94)
Destroy old stock

SEPT. 3, 99 APPEAL - NO ANSWER

NEW APPEAL - SEPT. 20, 1999

T. KETCHAM
3040 N.W. 68 ST
FT LAUD FL. 3330
# 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

IT SEEMS THAT SOCIAL SECURITY ADM. HAS ELECTED TO MAKE A MYSTERY PAYME TO MY DIRECT DEPOSIT ACCT. ON SEPT 7, 1999. I WAS NOTIFIED BY THEM BY MAIL ON SEPT. 17, 1999 THEY ARE PAYING ME $510.⁸⁰ TO RE-IMBURSE ME FOR AN OVER PAYMENT FOR 1998. THE COMPLEX RULES CALL FOR THEM TO WITH-HOLD $1.⁰⁰ FOR 3.⁰⁰ PER $14,500 ALLOWANCE ON ESTIMATED EARNINGS (IE: 21,500) THEY WITH-HOLD THIS PRE-TAXED - DOUBLE MEDICARE PAYMENT DURING THE FIRST FEW MONTHS OF THE YEAR - 1998.

NOW - SOME NINE + A HALF MONTHS INTO 1999 THEY CHOOSE MAKE RESTITUTION. I AM WONDERING, AT THIS POINT IF THEY HAVE NOT FORCED ME INTO BREAKING FEDERAL LAW WITH THAT KINDER-GENTLER I.R.S. ONE HALF OF THE $510.⁸⁰ IS TAXABLE UNDER THEIR RULES.

AM I ASSURED THAT SOCIAL SECURITY WILL MAKE THE PROPER INFO AVAILABLE TO I.R.S. — ALSO WILL THEY PAY THE PENALTY FOR LATE FEE'S.

REST ASSURED THESE PRIME U.S. GOV'T AGENCIES NEVER MAKE ANY MISTAKES.

U.S. OFFICIAL MAIL

PENALTY FOR PRIVATE USE $300

U.S. POSTAGE

P.B. METER 5500415

DELRAY BEACH, FL
SEP 21 '99

WEST PALM BEACH, FL 334
PM 21 SEP 1999

Appeals Council
Office of Hearings and
Appeals SSA
5107 Leesburg Pike
Falls Church VA 22041-3255

SOCIAL SECURITY ADMINISTRATION

Social Security Administration
310 S. E. 1st Street
Delray Beach, Florida 33483

OFFICIAL BUSINESS