UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 00-6189-CIV-MOORE/O'SULLIVAN

THOMAS O. KETCHAM,

    Plaintiff,

v.

KENNETH S. APFEL,
Commissioner of Social Security,

    Defendant.
_____/



FILED by TR  C..
MAG. SEC.

JUL 17 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## REPORT AND RECOMMENDATION

THIS CAUSE is before the undersigned on the "Defendant's Brief in Support of Its Motion to Dismiss Plaintiff's Complaint" (DE # 14, 6/6/00). On February 9, 2000 (DE # 5) this case was referred to United States Magistrate Judge John J. O'Sullivan for all pretrial matters pursuant to 28 U.S.C. §636. Upon due consideration, it is respectfully recommended that the instant motion be GRANTED and the case be dismissed.

## BACKGROUND

On April 28, 1999, an Administrative Law Judge issued an Order that dismissed Thomas Ketcham's request for a hearing before the Administrative Law Judge. See Ex. 1 "Notice of Dismissal" and "Order of Dismissal" attached to the "Declaration of Ilselore Passalacqua, Acting Chief Court Case Preparation and Review Branch 1, Office of Hearings and Appeals, Social Security Administration" (DE # 14, 6/6/00). The plaintiff claims that on April 28, 1999, he filed an appeal of the Order denying his hearing request. See DE # 17, 7/13/00. The defendant claims that the plaintiff first filed

Rec'd in MIA Dkt 7/19/00

a request for a review of the Administrative Law's Order on September 21, 1999. See the "Declaration of Ilselore Passalacqua, Acting Chief Court Case Preparation and Review Branch 1, Office of Hearings and Appeals, Social Security Administration" and Exhibit 2 attached thereto (DE # 14, 6/6/00). On February 7, 2000, the plaintiff, Thomas O. Ketcham, proceeding *pro se*, commenced this action by filing a complaint (DE # 1). The defendant filed the "Defendant's Brief in Support of Its Motion to Dismiss Plaintiff's Complaint" (DE# 14, 6/6/00) in response to the plaintiff's complaint, asking that this Court dismiss the plaintiff's complaint for lack of subject matter jurisdiction. The plaintiff filed a response on July 13, 2000 (DE # 17).

## STANDARD OF REVIEW

A. Motion to Dismiss

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle him/her to relief. Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986). In ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and take its allegations as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), Quinones v. Durkis, 638 F.Supp. 856 (S.D. Fla. 1986). When a court considers a motion to dismiss at the pleadings stage, it must apply the Federal Rules of Civil Procedure. Fed.R.Civ.P. 8(a) requires that at complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Caster v. Hennessey, 781 F.2d 1569, 1570 (11th Cir. 1986). Courts have interpreted this standard liberally. While the pleading must be sufficient to give the defendant fair

2

notice of what the claim is and the grounds upon which it rests, the pleader is not required to set forth in detail the facts upon which the claim is based. Conley v. Gibson, 355 U.S. 41, 47 (1957); Neizil v. Williams, 543 F.Supp. 899 (M.D. Fla. 1982). Finally, the issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984); In re Asbestos Litigation, 679 F.Supp. 1096, 1098 (S.D. Fla. 1987). In the case at hand, as more specifically described below, the claimant, at this stage of the proceedings, is not entitled to offer evidence in support of his claims.

B. Pro Se Litigants

The Court should afford a litigant proceeding *pro se* wide leeway in pleadings. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Jackson v. Reese, 608 F.2d 159 (5th Cir. 1979). However, *pro se* litigants must satisfy essential burdens. *See, e.g.,* Brown v. Crawford, 906 F.2d 667, 670 (11th Cir.), *cert. denied*, 500 U.S. 933 (1991). In the instant action, the undersigned affords the plaintiff wide leeway in his pleadings, however, the plaintiff failed to satisfy an essential burden required under the law.

## DISCUSSION

42 U.S.C. § 405(g) provides as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

3

42 U.S.C. § 405(h) provides as follows:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

20 C.F.R. § 404.902 provides for an initial determination for those individuals claiming entitlement to benefits under the Social Security Administration. If a claimant is unhappy with the results of the initial determination, he/she may request reconsideration under 20 C.F.R. § 404.907. Thereafter, if the claimant is unsatisfied, with the reconsideration determination, under 20 C.F.R. § 404.929, he or she may request a hearing before an Administrative Law Judge. 20 C.F.R. § 404.967 allows the claimant to request the Appeals Counsel to review the hearing decision made by the Administrative Law Judge, should the claimant be dissatisfied with the aforementioned hearing decision. Under 20 C.F.R. § 404.981, the Appeals Council may deny the request for review, permitting the Administrative Law Judge's hearing decision to stand, or the Appeals Council may decide to review a case and issue its own decision. After a final decision is issued by the Appeal Council, either a decision upholding the Administrative Law Judge's decision or the Appeal Council's own decision, the claimant may file an action in the Federal District Court. See 20 C.F.R. § 404.981, see also 20 C.F.R. § 422.210.

In McCarthy v. Madigan, 503 U.S. 140, 112 S.Ct. 1081 (1992) the Supreme Court held that it "long has acknowledged the general rule that parties exhaust

4

prescribed administrative remedies before seeking relief from the federal courts." McCarthy v. Madigan, 503 U.S. 140, 144-145, 112 S.Ct. 1081, 1086 (1992). In the case at bar, the Appeals Council has not acted on the request for review of the Administrative Law Judge's hearing decision made by the plaintiff. See "Declaration of Ilselore Passalacqua, Acting Chief Court Case Preparation and Review Branch 1, Office of Hearings and Appeals, Social Security Administration" (DE # 14, 6/6/00). Accordingly, the plaintiff has failed to obtain a final decision from the Social Security Administration and has failed to exhaust his administrative appeals remedies, and his complaint should, therefore, be dismissed.

## RECOMMENDATION

In accordance with the foregoing Report and Recommendation, the undersigned respectfully recommends that the "Defendant's Brief in Support of Its Motion to Dismiss Plaintiff's Complaint" (DE # 14, 6/6/00) be GRANTED and the plaintiffs complaint be dismissed without prejudice to re-file once the plaintiff obtains a final decision from the Appeals Council.

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488

U.S. 958, 109 S.Ct. 397 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this _17_ day of _July_, 2000.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

District Court Judge Moore

Kirk Ogrosky, AUSA
99 NE 4th St.
Miami, FL 33132

Thomas Ketcham, Pro Se
3040 NW 68th Street
Ft. Lauderdale, FL 33309